IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID ROBERT ROTH, | : | CIVIL ACTION NO. **3:CV-11-2085** |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| EARL F. REITZ, WARDEN, et al., | : | |
| | : | |
| Respondents | : | |

**REPORT AND RECOMMENDATION**

**I. Background.** _____

On November 1, 2011, Petitioner, David Robert Roth ("Petitioner"), an inmate at the
Cumberland County Prison at Carlisle, Pennsylvania, filed, *pro se*, a petition for writ of habeas
corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner also filed an *in forma pauperis* motion.
(Doc. 2). We found that additional information was needed in order for the Court to rule on
Petitioner's *in forma pauperis* motion, namely, a copy of Petitioner's Inmate Account, and we
directed the prison officials provide it. (Doc. 4). In response to our Order, Petitioner's Inmate
Account, dated December 13, 2011, was submitted. (Doc. 5). On December 16, 2011, we issued
an Order and granted Petitioner's *in forma pauperis* Motion. (Doc. 7).

Also, in our December 16, 2011 Order, we directed Petitioner and Respondent Cumberland
County District Attorney to submit to the Court, within ten (10) days of the date of this Order,
copies of all of Petitioner's relevant state court appeals and the state court decisions, opinions, and

orders regarding both his direct and collateral appeals, along with the filing dates thereof.[1]   We indicated that the Court would then determine if Petitioner's habeas petition was timely filed under the AEDPA[2] and if his instant claims were exhausted in the state courts.   Petitioner and Respondent District Attorney were also directed to file briefs addressing only the exhaustion and timeliness issues.

On December 27, 2011, Respondent District Attorney filed his brief with attached exhibits. (Doc. 8).   Petitioner failed to file his brief as directed by the Court and the time within which he was required to file his brief has expired.   Nor did Petitioner request an extension of time to file his brief.

We now issue this Report and Recommendation since we find that Petitioner has admittedly failed to exhaust his state court remedies and since Petitioner has an appeal pending in the Superior Court of Pennsylvania.

---

[1]The amended provisions of 28 U.S.C. § 2244(d)(1) impose limitations on the right to pursue federal habeas relief.   The amendments impose a one-year statute of limitations for § 2254 habeas petitions.  *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998).   There are four potential starting points for determining when the statute of limitations begins to run. *Merritt v. Blaine*, 326 F.3d 157 (3d Cir. 2003).   Any time devoted to pursuing a properly filed application for state post-conviction relief or other collateral relief is excluded from the limitations period. 28 U.S.C. § 2244(d)(2); *Merritt, supra.*

[2]The Third Circuit Court of Appeals, in *Holden v. Mechling*, 2005 WL 1219860 (3d Cir.), found that the District Court could *sua sponte* raise the AEDPA's statute of limitations and could summarily dismiss a § 2254 habeas petition as untimely after Petitioner is afforded notice and an opportunity to be heard.  *See also U.S. v. Bendolph*, 409 F.3d 155 (3d Cir. 2005);  *Day v. McDonough*, 126 S.Ct. 1675, 1683 (2006).   We thus gave Petitioner Roth notice and an opportunity to be heard regarding whether his habeas petition was timely and whether his claims have been exhausted.

Petitioner names as Respondents Earl F. Reitz, Warden, Cumberland County Prison; David J. Freed, Cumberland County District Attorney; and the Attorney General of Pennsylvania.

## II. Claims of Habeas Petition.

Petitioner challenges his 2009 guilty plea and sentence for theft by deception in the Cumberland County Court of Common Pleas ("Cumberland CCP"), Docket No. CP-21-CR-0211-2009.  Petitioner indicates that on December 17, 2008, he was arrested and charged with theft by deception, in violation of 18 Pa.C.S. §3922(a)(1), and that on May 21, 2009,  he pled guilty to the theft charge on the advice of his court appointed attorney. (Doc. 1, ¶'s 1-2).  Petitioner was sentenced on August 18, 2009, to imprisonment in the Cumberland County Prison for a minimum of five days and a maximum of fifteen months.  Petitioner did not file a direct appeal with respect to his judgment of sentence.[3] (Doc. 8, p. 2).

In his habeas petition, Petitioner indicates that through his own due diligence, he has discovered that he was not guilty of the theft charge and should not have pled guilty.  (Doc. 1 at ¶ 3).  On March 26, 2010, Petitioner filed,  *pro se,* a Post Conviction Relief Act ("PCRA") Petition and asked to be appointed counsel.  (*Id.* at ¶ 4).  Petitioner then states that he was appointed counsel for his PCRA Petition and was granted a hearing by the Cumberland CCP on July 8, 2011. (*Id.* at ¶ 7).  Petitioner indicates that he had two PCRA Petitions that he was granted hearings on and it was manifest injustice that the two hearings were held at the same time for judicial economy.

---

[3]Also, on August 18, 2009, Petitioner was sentenced to ninety days in the Dauphin County Work Release Center for a driving under suspension, DUI-related charge, and ninety days to twenty-three months at the Dauphin County Work Release Center for DUI Highest Rate charge to which Petitioner pled guilty, which ran consecutively, in a separate case, namely, Cumberland County Criminal Case CP-21-3362-2008.  (Doc. 8-1).

(*Id*. at ¶ 8).  Petitioner states that his plea (trial) counsel was ineffective for advising him to plead guilty to the theft charge and this was a violation of his "Constitutional right Amendment VI, Right to assistance of Counsel." (*Id*. at ¶ 9).  Petitioner's relief requested is that he be given the right to "appealability" if his habeas petition is not granted.  (*Id*. at ¶ 10).[4]

Petitioner states that he is seeking relief from the "Federal Courts because he is still in Custody for this [theft] charge and he has passed his maximum [sentence date ] on July 15, 2011, and upon his release from custody[,] he will have no other means to correct this illegal and unjust sentence." (*Id*. , p. 2 at ¶ 11).

We obtained a copy of Petitioner's Criminal Docket  in his Cumberland County Court case, Docket No. CP-21-CR-0211-2009,  at the website of http://ujsportal.pacourts.us.  We take judicial notice of this Cumberland County Court Criminal Docket since it is a state court record. Petitioner's Criminal Docket, No. CP-21-CR-0211-2009, indicates that the Cumberland CCP denied the Petitioner's PCRA Petition on October 14, 2011.  (*See* Doc. 8-1).

As stated, Petitioner filed the instant §2254 habeas petition on November 1, 2011.[5]

On November 10, 2011, a notice of appeal for Petitioner was filed by Attorney Nathan Charles Wolf, 1967 MDA 2011, with the Superior Court of Pennsylvania regarding the denial of Petitioner's PCRA Petition.  Respondent District Attorney states that Petitioner filed another appeal

---

[4]Petitioner appears to request the Court to issue a certificate of appealability if his habeas petition is denied.

[5]Since the Habeas Petition was signed by Petitioner on November 1, 2011 (Doc. 1, p. 2), under the prison mailbox rule, we construe Petitioner's instant Petition as being filed on that date. *See Bond v. VisionQuest*, 410 Fed.Appx. 510 (3d Cir. 2011).

to the Superior Court of Pennsylvania 1970 MDA 2011, *pro se,* on November 22, 2011, which was dismissed by the Superior Court as duplicative of his counseled appeal.  (Doc. 8, p. 3).  The Superior Court made it clear that Petitioner was free to raise in his counseled appeal all properly preserved issues that Petitioner raised in his *pro se* appeal.

As Respondent District Attorney states, and as the Cumberland CCP Criminal Docket indicates, Petitioner's appeal with the Superior Court, 1967 MDA 2011, is still pending.  (*Id*.).  Respondent also notes that Petitioner's appellate brief with the Superior Court is due January 11, 2012.  (*Id*., at n. 1).

**III. Discussion.**

In his habeas petition, Petitioner raises several claims, one claim is ineffective assistance of plea counsel for advising him to plead guilty.  (Doc. 1 at ¶ ¶ 6, 9).  Petitioner also claims "manifest injustice" against the Cumberland CCP and the Cumberland County District Attorney ("Cumberland DA") for allowing him to plead guilty to the theft charge despite knowing that he was not guilty. (Doc. 1 at ¶ 5).  Petitioner further claims "manifest injustice" against the Cumberland CCP holding the Petitioner's two PCRA hearings at the same time for judicial economy.  (Doc. 1 at ¶ 8).

Despite his pending appeal to the Pennsylvania Superior Court filed on November 10, 2011, with respect to the October 14, 2011 denial of his PCRA Petition by the Cumberland County CCP, Petitioner filed the instant habeas petition on November 1, 2011.

We do not find that Petitioner specifically states what relief he requests in his habeas petition.  However, Petitioner seems to request this Court to overturn his theft conviction since he states that "to allow this conviction to stand would continue to be an ongoing harm on him for the

rest of [his] life."   (Doc. 1, ¶ 12, Wherefore Clause).

We find, based on the face of the habeas petition, that Petitioner's appeal to the Superior

Court regarding the denial of his PCRA Petition is still pending and, that none of Petitioner's instant

claims have yet been exhausted in the state courts.[6]   *See Holloway v. Horn,* 355 F.3d 707, 714 (3d

Cir. 2004).

In *Holloway v. Horn,* 355 F.3d at 714 , the Court stated:

> A federal court will not grant a state prisoner's petition for a writ of habeas
> corpus unless available state-court remedies on the federal constitutional
> claim have been exhausted. 28 U.S.C. § 2254(b)(1); *Stevens v. Del. Corr.
> Ctr.,* 295 F.3d 361, 369 (3d Cir.2002). The exhaustion requirement is
> satisfied only if the petitioner can show that he fairly presented the federal
> claim at each level of the established state-court system for review.
> *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45, 119 S.Ct. 1728, 144 L.Ed.2d
> 1 (1999); *Whitney,* 280 F.3d at 250 "Fair presentation" of a claim means
> that the petitioner "must present a federal claim's factual and legal
> substance to the state courts in a manner that puts them on notice that
> a federal claim is being asserted." *McCandless v. Vaughn,* 172 F.3d 255,
> 261 (3d Cir.1999) (citations omitted).

28 U.S.C. §§ 2254(b), (c); *Cone v. Bell,* --- U.S. ----, ----, 129 S.Ct. 1769, 1780  (2009); *Rose v.*

---

[6]The habeas statute requires a prisoner to exhaust his claims in state court before seeking
relief from federal courts.  28 U.S.C. § 2254(b)(1)(A); *see also Landano v. Rafferty*, 897 F.2d 661,
668 (3d Cir. 1990).  It is well settled in the Third Circuit that the Court has discretion to raise
procedural issues, such as exhaustion of state court remedies, in habeas cases, and it may do so
*sua sponte*.  *See Sweger v. Chesney*, 294 F.3d 506, 520-521 (3d Cir. 2002), *cert. denied*, 538
U.S. 1002 (2003).
We note that Petitioner clearly indicates that he has failed to exhaust his state court
remedies, since he notes that he filed a PCRA Petition, that he was given a hearing on July 8,
2011, and his Criminal Docket shows that it was recently denied on October 14, 2011.  (*See
also* Doc. 8-1).  Respondents indicate that Petitioner's Superior Court appeal, 1967 MDA 2011,
is pending.  It is clear that Petitioner has not yet exhausted his state court remedies, and we will
recommend that his habeas petition be dismissed without prejudice to re-file it after he
completes exhaustion.

*Lundy,* 455 U.S. 509, 515-20, 102 S.Ct. 1198 (1982).

In *Myers v. Warden of SCI-Albion*, 2010 WL 1838178, *3 (M.D. Pa. 5-6-10), the Court stated:

> To satisfy the exhaustion requirement, a federal habeas petitioner must have presented the facts and legal theory associated with each claim through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *see also Holloway v. Horn,* 355 F.3d 707, 714 (3d Cir.2004). The exhaustion requirement is satisfied if a petitioner's claims are either presented to the state courts directly on appeal from the judgment of sentence, or through a collateral proceeding, such as a PCRA petition. *Swanger v. Zimmerman,* 750 F.2d 291, 295 (3d Cir.1984). It is not necessary for a petitioner seeking federal habeas relief to present his federal claims to state courts *both* on direct appeal *and* in a PCRA proceeding. *Id.* However, a petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c); *Castille v. Peoples,* 489 U.S. 346, 350, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989). The petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. *Lines v. Larkins,* 208 F.3d 153, 159 (3d Cir.2000) (citing *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d. Cir.1997)).

As mentioned, it is clear in this case that Petitioner's Superior Court appeal regarding his instant habeas claims is currently pending.  Thus, we agree with Respondent District Attorney that Petitioner's instant habeas claims have not yet been exhausted in the state courts.

Based on the habeas petition as well as Respondent's exhibits and the Cumberland County CCP Criminal Docket, we find that Petitioner failed to exhaust his present habeas claims, including his ineffective assistance of counsel claims, his claims regarding the "manifest injustice" of the Cumberland CCP and Cumberland DA for allowing him to plead guilty to the theft charge they knew he was not guilty of, and his claim of "manifest injustice" against the Cumberland CCP for holding his two PCRA hearings at the same time for judicial economy.

Thus, we find that Petitioner has filed a habeas petition raising claims which he has not yet exhausted in state court and claims which are presently pending with the state appellate court. As such, we will recommend that the Court dismiss Petitioner Roth's habeas petition without prejudice in order to allow Petitioner to totally exhaust his claims in the state court. *See Rose,* 455 U.S. 509, 102 S.Ct. 1198.

We find that since it appears that Petitioner's AEDPA statute of limitations will be tolled while his instant claims are pending with the Pennsylvania Superior Court, the "stay and abeyance" approach does not need to be utilized in this case. Petitioner's statute of limitations will be tolled while he has a properly filed appeal pending with the state courts.[7] *See Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528 (2005).

The Court in *Myers,* 2010 WL 1838178, *4-*5, quoted *Rhines,* and stated:

> In this alternative approach, referred to as "stay and abeyance", the Court issues a stay of the federal habeas proceedings during the time in which the petitioner exhausts state court remedies. *See Rhines v. Weber,* 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). However, in *Rhines,* the United States Supreme Court expressed the following concerns about this approach:
>
> > Stay and abeyance, if employed too frequently, has the potential to undermine the [ ] twin purposes [behind the statute of limitations and the exhaustion doctrine]. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all of his claims in state court prior to filing his federal petition.

---

[7]As noted, any time devoted to pursuing a properly filed application for state post-conviction relief or other collateral relief is excluded from the limitations period. 28 U.S.C. § 2244(d)(2); *Merritt v. Blaine*, 326 F.3d 157 (3d Cir. 2003).

> *Id.* at 277. To address these concerns, the Supreme Court emphasized that
> stay and abeyance should be available only in "limited circumstances"
> where the district court has determined that there was good cause for the
> petitioner's failure to exhaust his claims first in the state court, and that
> the claims sought to be exhausted are not "plainly meritless." *Id.* The
> Third Circuit Court of Appeals recently held that, a petitioner seeking to
> obtain a stay and abeyance should "satisf[y] the three requirements for a
> stay as laid out in *Rhines:* good cause, potentially meritorious claims, and
> a lack of intentionally dilatory litigation tactics." *Heleva v. Brooks,*
> 581 F.3d 187, 192 (3d Cir.2009).

We find that, since Petitioner Roth presently has a collateral appeal pending with the Pennsylvania Superior Court regarding the denial of his PCRA Petition, his present habeas petition should be dismissed without prejudice. *See Myers,* 2010 WL 1838178, *6-*7.

## IV. Recommendation.

Based on the foregoing, we respectfully recommend that Petitioner Roth's Habeas Petition **(Doc. 1)** be dismissed without prejudice to re-file it after he exhausts his state court remedies with respect to his claims.

s/ **Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: January 9, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID ROBERT ROTH,                :      CIVIL ACTION NO. **3:CV-11-2085**
                                      :
          Petitioner           :      (Judge Conner)
                                        :
          v.                 :      (Magistrate Judge Blewitt)
                                        :
EARL F. REITZ, WARDEN, et al.,    :
                                        :
         Respondents     :

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **January 9 , 2012**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within fourteen (14)
days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections.  The briefing
requirements set forth in Local Rule 72.2 shall apply.  A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge.  The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the
magistrate judge, making his or her own determination on the basis

of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


                                        s/ Thomas M. Blewitt
    _____          THOMAS M. BLEWITT
                                        United States Magistrate Judge

**Dated:   January 9, 2012**